TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7162
    Facsimile: (213) 894-0141
    E-mail:   catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-000027-FLA |
|        Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSE REFUGIO GARCIA |
|          v. | |
| JOSE REFUGIO GARCIA, aka "Timothy Gomes," | |
|        Defendant. | |

     1.   This constitutes the plea agreement between JOSE REFUGIO GARCIA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

     2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 21 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 23 and 24 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count First Superseding Information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

b.   Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 19 of this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Agree to and not oppose the imposition of the following conditions of supervised release:

i.    Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of placement on probation/release from imprisonment.

ii.   Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment, upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.   Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography, as defined at 18 U.S.C. § 2256(8), or sexually explicit conduct, as defined at 18 U.S.C. § 2256(2).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of his possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of his conviction in the instant offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes him to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.  Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior written approval of the Probation Officer.

x.   Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xii. Defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.   Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs) that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices

include personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment site, which are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 16 of this agreement.

c.   At the time of sentencing, move to dismiss the underlying Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

1

## NATURE OF THE OFFENSE

2     5.   Defendant understands that for defendant to be guilty of

3  the crime charged in the single-count First Superseding Information,

4  that is, Receipt of Child Pornography, in violation of Title 18,

5  United States Code, Section 2252A(a)(2)(A), (b)(1), the following

6  must be true: (1) defendant knowingly received matters which

7  defendant knew contained visual depictions of minors engaged in

8  sexually explicit conduct; (2) defendant knew each visual depiction

9  contained in the matters showed minors engaged in sexually explicit

10  conduct; (3) defendant knew that production of such visual depictions

11  involved use of a minor in sexually explicit conduct; and (4) each

12  visual depiction had been either (a) mailed or (b) using any facility

13  of interstate or foreign commerce, shipped or transported, in or

14  affecting interstate or foreign commerce, by any means, including by

15  computer.

## PENALTIES AND RESTITUTION

17     6.   Defendant understands that the statutory maximum sentence

18  that the Court can impose for a violation of Title 18, United States

19  Code, Sections 2252A(a)(2)(A), and (b)(1) is: 20 years' imprisonment;

20  a lifetime period of supervised release; a fine of $250,000 or twice

21  the gross gain or gross loss resulting from the offense, whichever is

22  greatest; and a mandatory special assessment of $100.

23     7.   Defendant understands that the statutory mandatory minimum

24  sentence that the Court must impose for a violation of Title 18,

25  United States Code, Sections 2252A(a)(2)(A), and (b)(1) is:  five

26  years' imprisonment, a five-year period of supervised release, and a

27  mandatory special assessment of $100.

28

8.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations pursuant to this agreement and his conviction have been satisfied.

9.   Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $35,000.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law

enforcement agencies upon his release from confinement following conviction.

12.    Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that pursuant to the Amy, Vicky and Andy Child Pornography Victim Restitution Act of 2018, the applicable amount of restitution owed to each victim is at least $3,000, but recognize and agree that this amount may increase based on facts that come to the attention of the parties prior to sentencing.

13.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in 2016, defendant, pretending to be a teenage boy named "Timothy Gomes," began an online relationship with the minor victim, a then-ten-year-old girl, through social media.  The minor

victim was residing in Canada at the time, while defendant was residing in Los Angeles County in the Central District of California.

For at least a year, defendant and the minor victim chatted regularly on various social media applications, with defendant posing as "Timothy Gomes."  Sometime in the fall of 2018 and continuing through September 2019, when the minor victim was twelve to thirteen years' old, defendant directed the minor victim to record sexually explicit videos and photographs of herself and transmit the sexually explicit images to him via the Internet.  Defendant threatened the minor victim and told her that if she did not comply with his demands, he would hack her and her parents' online accounts and physically harm her family.  Once the minor victim had sent defendant the sexually explicit images and videos, defendant threatened to share those images and videos with her friends and family if she did not continue to send him additional explicit images.

Around September 2019, the minor victim told her parents and cut off communication with defendant.  However, defendant continued to harass the minor victim by email and sent threatening messages on WhatsApp to the minor victim's parents in an effort to communicate with her.

On January 29, 2020, defendant was found in possession of hundreds of sexually explicit images and videos of the minor victim on his digital devices.  Defendant knowingly received these images from the minor victim, who sent them via various internet applications.  Defendant acknowledges that the sexually explicit images he had requested, and that he received via the internet, constitute child pornography.  Defendant knew that the images he

sought to have produced and received contained the visual depictions of the minor victim engaging in sexually explicit conduct.  These visual depictions were either (a) mailed, shipped, or transported in interstate or foreign commerce by computer or other means, or (b) produced using material that had been mailed, shipped, or transported in interstate or foreign commerce by computer or other means.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

17.  Except as set forth in paragraph 3(a) above, defendant and the USAO have no agreement as to the applicable Sentencing Guidelines factors.  Except as set forth in paragraph 3(a), both parties reserve the right to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

18.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the Court impose a sentence of: 120 months' imprisonment; 25 years' supervised release with conditions to be fixed by the Court, which shall include the conditions set forth in Paragraph 3; a $100 special assessment; and at least $3,000 in restitution to the minor victim in this case.  The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the

Court.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21.   Defendant agrees that, provided the Court imposes the sentence specified in paragraph 16 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

22.   The USAO agrees that, provided the Court imposes the sentence specified in paragraph 16 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

23.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

24.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

25.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

16

If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

26.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal

Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 15 and 16 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual

information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney


_____          04/17/22
CATHARINE A. RICHMOND                       _____
Assistant United States Attorney            Date


_____           4|13|22
JOSE REFUGIO GARCIA                         _____
Defendant                                   Date


_____           04/13/2022
RICHARD D. GOLDMAN                          _____
Attorney for Defendant JOSE                 Date
REFUGIO GARCIA

20

1                    CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charge and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19  _____          4/13/22

20  JOSE REFUGIO GARCIA              Date
    Defendant

21

22

23              CERTIFICATION OF DEFENDANT'S ATTORNEY

24       I am JOSE REFUGIO GARCIA's attorney.  I have carefully and

25  thoroughly discussed every part of this agreement with my client.

26  Further, I have fully advised my client of his rights, of possible

27  pretrial motions that might be filed, of possible defenses that might

28

                              21

1  be asserted either prior to or at trial, of the sentencing factors

2  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

3  provisions, and of the consequences of entering into this agreement.

4  To my knowledge: no promises, inducements, or representations of any

5  kind have been made to my client other than those contained in this

6  agreement; no one has threatened or forced my client in any way to

7  enter into this agreement; my client's decision to enter into this

8  agreement is an informed and voluntary one; and the factual basis set

9  forth in this agreement is sufficient to support my client's entry of

10  a guilty plea pursuant to this agreement.

11  _____        04/13/2022
                                            _____
12  RICHARD D. GOLDMAN                      Date
    Attorney for Defendant JOSE
13  REFUGIO GARCIA